UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDO VUKMAN, | No. C 14-4390 MEJ (PR) |
|     Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| STU SHERMAN, Warden, | |
|     Respondent. | |

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

### BACKGROUND

Petitioner challenges his 1996 assault with a firearm and related convictions and resulting twenty-eight year sentence imposed by the Alameda County Superior Court. On February 7, 1997, the California Court of Appeal affirmed. Petitioner does not indicate whether he filed a petition for review in the California Supreme Court. He does, however, submit a September 17, 2013 order denying his state habeas petition in the Alameda County Superior Court as well as a May 21, 2014 order denying his state habeas petition in the California Supreme Court. Petitioner filed the instant federal petition on September 30, 2014.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

Petitioner claims that his trial counsel rendered ineffective assistance by failing to provide accurate information to petitioner in relation to plea negotiations. He contends that his claim is based on newly discovered evidence that his trial counsel was being disciplined by the State Bar of California at the time he was representing petitioner. Liberally construed, petitioner's ineffective assistance of counsel claim is cognizable for federal habeas review. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1), as well as a magistrate judge jurisdiction consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.    Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, respondent shall also return the magistrate judge jurisdiction consent form. If petitioner wishes to

respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 12, 2014

Maria-Elena James
United States Magistrate Judge